UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Plaintiff,

v.

KEITH LAWNICZAK

Defendant.

Case No. CR17-00404-AB-4

MOTION TO REMOVE COMPUTER-RELATED CONDITIONS OF SUPERVISED RELEASE

I, Keith Lawniczak, Defendant in the above-referenced case, respectfully file this motion to request that the Court remove the computer-related conditions of my supervised release as set forth in the Judgment and Commitment Order. Specifically, I ask that the Court remove the following conditions:

1. The restriction on my possession and use of computers, computer-related devices, internet service providers (ISPs), and email accounts.
2. The requirement to disclose any changes or additions to these devices, accounts, or ISPs to the Probation Officer prior to their use.
3. The requirement that I pay for the Computer Monitoring Program and its associated costs.

The grounds for my motion are as follows:

I. Background and Context

On August 13, 2020, I was sentenced by this Court and ordered to serve a term of supervised release with certain conditions, including restrictions on my use of computers and digital devices. These restrictions were imposed based on the nature of my conviction, which was related to a violation of 18 U.S.C. § 1594(c). However, computers, email, social media, and the internet were not involved in the commission of my crime in any way.

II. Lack of Computer Use in the Commission of the Offense

My conviction does not involve the use of computers or the internet. At no point during the investigation or prosecution of my case was there any evidence that I used a computer, email, or social

media to commit the crime. The offense did not require the use of digital technology in any way, and no computers or related devices that were seized were found to be involved in the criminal conduct.

III. Current Restrictions Imposed by the Halfway House

At present, I am residing in a halfway house as part of my conditions of supervised release. However, the halfway house has imposed additional restrictions that go far beyond the conditions set by the Court. I am currently prohibited from possessing a smartphone or any device with internet access, and I am not allowed to access email or the internet in any way. These restrictions are preventing me from performing basic activities, such as job searching, which is essential to my successful reintegration into society.

In today's world, almost all job applications are submitted online, and communication with potential employers is done through email or other online platforms. Being cut off from these resources is making it nearly impossible for me to search for employment and support myself, which is critical to my rehabilitation.

IV. No Need for Ongoing Restrictions

I have complied with all other conditions of my supervision and have made every effort to demonstrate my commitment to rehabilitation. Given that my offense had no relation to computers or the internet, I believe that these conditions restricting my access to technology are unnecessarily punitive and serve no valid rehabilitative or public safety purpose. Furthermore, the additional restrictions imposed by the halfway house are harming my ability to reintegrate into society and find a job.

These restrictions do not align with the goals of supervised release, which are intended to help me reintegrate into society and reduce the risk of recidivism. The limitations on my ability to use the internet and communicate with potential employers are counterproductive to my rehabilitation.

V. Legal Basis for Removing the Restrictions

The conditions of supervised release must be reasonable and related to the offense of conviction. 18 U.S.C. § 3583(d) states that conditions must be imposed to protect the public and help with rehabilitation. Since my offense did not involve the use of computers or digital technology, these conditions are unrelated to the crime I committed.

The Ninth Circuit Court of Appeals has consistently held that conditions of supervised release must be reasonably related to the offense and tailored to the defendant's individual circumstances. In United States v. Weir, 861 F.3d 522 (9th Cir. 2017), the Court emphasized that conditions must be "reasonably necessary" to deter further criminal behavior, protect the public, or provide necessary training or rehabilitation. These computer-related conditions are not necessary for any of these purposes in my case.

In United States v. Esquivel, 462 F.3d 935 (9th Cir. 2006), the Ninth Circuit ruled that conditions that are not related to the defendant's offense or risk of recidivism may be an abuse of discretion. Since my crime did not involve the internet or digital technology, these restrictions are not appropriate or necessary.

In United States v. Johnson, 446 F.3d 272 (9th Cir. 2006), the Ninth Circuit clarified that conditions of supervised release should not excessively restrict a defendant's ability to reintegrate into society. The restrictions on my use of computers and digital devices, especially in combination with the halfway house's own restrictions, are hindering my ability to find a job and support myself, which is detrimental to my rehabilitation efforts.

Additionally, in United States v. Karam, 201 F.3d 1045 (9th Cir. 2000), the Ninth Circuit ruled that supervised release conditions must be appropriately tailored to avoid undue restrictions on a defendant's ability to lead a productive life, especially when it comes to employment opportunities.

VI. Request for Relief

Based on the reasons outlined above, I respectfully request that the Court:

1. Remove the conditions restricting my possession and use of computers, digital devices, ISPs, and email accounts.
2. End my obligation to participate in the Computer Monitoring Program, as it is unnecessary given that my crime did not involve technology.
3. Cancel the requirement for me to pay for the costs of the Computer Monitoring Program.
4. Consider the additional restrictions imposed by the halfway house, which prevent me from searching for employment, and take them into account in deciding whether these conditions should be lifted.

I am willing to appear for a hearing or provide further evidence to support my motion, and I ask the Court to consider my request to help me move forward in a positive direction toward rehabilitation and reintegration into society.

WHEREFORE, I respectfully request that the Court grant my motion to remove the computer-related conditions and for such other relief as the Court deems just and proper.

Dated: February 14, 2025

Respectfully submitted,

Keith Lawniczak

Defendant, Pro Se

5520 Harold Way

Los Angeles, CA 90028

213-589-4184



